IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Vivian Nieves**<br>*Plaintiff*<br>v.<br>**Denis McDonough, Secretary of Veterans Affairs, Department of Veterans Affairs, and the United States Department of Justice**<br>*Defendants* | CIVIL ACTION<br>Case No. **3:23-cv-1460**<br>• GENDER/SEX (Title VII)<br>• RETALIATION<br><br>**Demand for Jury Trial** |

# COMPLAINT

## I.      INTRODUCTION

1. Plaintiff *Vivian Nieves* brings this civil action to remedy the acts of discrimination perpetrated against her by defendant The Department of Veterans Affairs ("VA") officials, at the Caribbean VA Healthcare System (CVAHS) because of her *sex/gender*. The plaintiff was subjected to a *hostile work environment*, *disparate treatment* and subjected to *retaliation* because of protected activity. At all relevant times, the plaintiff was a federal employee of defendant VA.

## II.     JURISDICTION

2. This Honorable Court has original jurisdiction over plaintiff's federal claims set forth in this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C §1343. This Court also has jurisdiction pursuant to *Title VII of the Civil Rights Act of 1964*, 42 U.S.C. §2000e-2.

3. Venue properly lies before this Court under 28 U.S.C. §1391(b). Plaintiff and defendant are residents of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to plaintiff's claim have occurred in this District. A substantial part of the events giving rise to this civil action arose on premises of the VA, located within the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

4. Prior to filing this *Complaint*, the plaintiff filed a written charge with the Equal Employment Opportunity ("EEO"), where she notified discrimination based on her *sex/gender*

1

and *retaliation*. (200I-672GC-2022-144523) The charge placed defendant on notice of her claims under federal employment anti-discrimination statutes. She received a *Final Agency Decision*. Plaintiff has filed this *Complaint* within 90 days of receipt. Accordingly, plaintiff exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this *Complaint* is properly filed.

### III.   PARTIES

5. Plaintiff *Vivian Nieves* is a citizen of Puerto Rico and at all relevant times was employed by the United States Department of Veterans Affairs in the Commonwealth of Puerto Rico, at the Veterans Affairs Medical Center of the Caribbean Healthcare System, in San Juan, Puerto Rico. At all relevant times the plaintiff was employed as a Medical Technician, GS-4, CVAHS, at defendant's Arecibo Outpatient Clinic, in Arecibo, Puerto Rico. At all relevant times alleged in this Complaint, she belonged to a protected group (woman) and was subjected by defendant to a *hostile work environment* and *disparate treatment* because of her *sex/gender*.

6. Defendant *Denis McDonough* is *Secretary* of the United States Department of Veterans Affairs ("VA") aka Veterans Health Administration. He is sued as the head of the United States Department of Veterans Affairs. Defendant operates facilities within the judicial District of Puerto Rico, including the VA Caribbean Healthcare Center in San Juan, Puerto Rico. Defendant is vicariously liable for unlawful acts and omissions of her immediate Supervisors and her male coworker, who subjected plaintiff to unwelcomed sexual conduct and a pervasively hostile work environment.

7. The U.S. Department of Justice is codefendant to comply with requirements. It provides legal representation in Court to VA. Defendant VA employees/supervisory personnel were acting in the course and scope of employment. Defendant VA failed to act to prevent unlawful employment discrimination and retaliation. VA is liable for all damages alleged herein.

## IV.    FACTUAL ALLEGATIONS

8. Plaintiff *Vivian Nieves* is a female federal employee, and at all relevant times was employed as a Medical Technician, GS-4, CVAHS, at defendant's Arecibo Outpatient Clinic, in Arecibo, Puerto Rico. Throughout employment, she has consistently met work expectations and performance appraisals.

9. Defendant VA unlawfully subjected the plaintiff *Vivian Nieves* to a hostile work environment because of her gender (female), which consisted of:

10. From July 29, 2021, to on or about November 30, 2021, a male coworker, identified as *Rafael Nieves*, *repeatedly* hugged the plaintiff, touched her, including her hair passing his hand down her back, tried to touch her buttocks, stalked her in her work area and gave her sexual and intimidating looks while making suggestive hand gestures of a sexual nature. This workplace conduct of a sexual nature was unwelcome.

11. On August 10, 2021, same male coworker again hugged the plaintiff, and she told him not to touch her. Again, on August 11, 2021, same male coworker yet again attempted to hug the plaintiff and she had to tell him, yet again, not to touch her.

12. On September 28, 2021, same male coworker made frequent visits to plaintiff's working area to stared at her. Two weeks later, again he made frequent visits on October 14, 2021, to stare at her. Male coworker had no legitimate reason to be in plaintiff's work area, this made plaintiff feel nervous, anxious, given her male coworker's stalking behavior.

13. On October 15, 2021, the plaintiff notified her coworkers about her concerns for her safety and on October 22, 2021, the plaintiff sent an email to her immediate supervisors reporting unwelcome sexual harassment in her workplace, specifically her male coworker's stalking and unwelcome touching. A fact-finding investigation was ordered by defendants, which

concluded on November 16, 2021, that her male coworker had engaged in unwelcome sexual harassment, should be subjected to appropriate discipline, and reassigned away from plaintiff.

14. However, upon review by defendant's *male* Chief, Health Administration Service, CVAHS, who never directly supervised plaintiff, nor had firsthand knowledge of her workplace, set aside said recommendations. Despite defendant having information about the male coworker engaging in similar misconduct against other female coworkers, which made them all feel uncomfortable, the male Chief, set aside the report's recommendations and on January 10, 2022, the offending male coworker was returned to plaintiff's work area, in the Arecibo clinic. On January 18, 2022, the plaintiff manifested to her immediate supervisors her distress and concern.

15. From January 18, 2022, to the present, defendant VA's management has subjected plaintiff to an unsafe workplace by returning referenced male coworker back to her work area.

16. From January 18, 2022, to the present, defendant VA's management has required the plaintiff to take involuntary leave due to her anxiety related to the referenced male coworker, being returned back to her worksite.

17. On or about January 18-19, 2022, her supervisor, of Medical Technician Laboratory Pathology Service, asked plaintiff to transfer to Mayaguez or the San Juan facilities.

18. On February 4, 2022, again her Supervisor and the Chief of Pathology asked the plaintiff to transfer to another location.

19. On February 15, 2022, the plaintiff was not selected to the position of Registered Nurse/Case Manager/Community Care Cancer Navigator, advertised under Vacancy Announcement Number 20220125-CBTC-003.

20. On March 24, 2022, the Chief Technologist, Laboratory Service and Chief of Pathology asked the plaintiff, for a second time, to transfer to Mayaguez or the San Juan facility.

21. On March 29, 2022, the plaintiff was not selected to the position of Registered Nurse/Suicide Prevention, advertised under Vacancy Announcement Number CBTC-11360201-22-LB.

22. On April 6, 2022, the Chief of Pathology asked her, for a third time, if the plaintiff would transfer to either the Mayaguez or the San Juan facilities.

23. Plaintiff now comes before this Court to seek what is deemed to be fair and just.

## V.   CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

32. The foregoing paragraphs are realleged and incorporated by reference herein.

33. Defendants' conduct as alleged herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

34. Plaintiff suffered willful sex-based and/or gender discrimination in the workplace because she was treated unfavorably by the employer, because she was a *woman*. As a result, she was treated less favorably than males and subjected to disparate treatment. By exercising preference towards similarly situated male employees, defendant violated the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq.

35. Plaintiff was subjected to unwelcome sexual conduct, which was confirmed by the initial fact-finding investigation. None of its recommendations were followed. Instead, a male supervisor, who did not have direct contact with the plaintiff or her working area, set aside the report, thus returning her male coworker back to her work area. Further allowing the ongoing sexual misconduct to continue and adversely affecting the plaintiff's wellbeing and her safety.

36. Plaintiff was unlawfully subjected to a hostile work environment.

37. Once again on July 11, 2023, defendant's male coworker Refael Nieves showed up unwelcome to plaintiff's work area, to look at plaintiff in an unwelcome manner, a situation that made plaintiff feel uncomfortable and fear for her safety. The incident was witness by her coworkers and a VA Police report was filed recording the recurring hostile work environment.

38. Plaintiff was also subjected to disparate treatment when she was unlawfully asked to transfer to another facility. Meanwhile her male coworker was allowed back to work in her work area. Male coworker was treated better and was not removed nor transferred out of area.

### COUNT II: Workplace Retaliation based on Protected Activity

39. The foregoing paragraphs are realleged and incorporated by reference herein.

40. Defendant's conduct as alleged herein constitutes retaliation because the plaintiff had engaged in protected activities. The stated reason for defendant's conduct was not the true reason, but instead *pretext* to hide retaliatory *animus*.

41. Defendant excluded the plaintiff from advancement opportunities, specifically vacancies, with a pretextual excuse, to hide their retaliatory animus for having reported unwelcome sexual misconduct in the workplace against a male coworker.

42. As recently as June 5, 2023, the plaintiff again applied for a vacant VA position, and defendant, yet again, excluded the plaintiff with a pretextual excuse claiming they did not consider her because of the cut off date, however, the cut off date was June 12, 2023, therefore her application for said vacant position was timely. Defendant continues to treat plaintiff differently by excluding her from available career opportunities, as reprisal for protected activity.

43. Courts have consistently held that a defendant is liable for retaliation against a plaintiff for filing an EEOC charge, regardless of validity or reasonableness of the charge. *Wyatt v. Boston*, 35 F.3d 13,15 (1st Cir. 1994) To permit an employer to retaliate against a charging

party based on its unilateral determination that the charge was unreasonable or unjustified would also chill rights of all individuals protected by the anti-discrimination statutes.

44. Prohibited retaliation is not limited only to discriminatory actions affecting the terms and conditions of employment but can also include any action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. &S.F.R. Co. v. White*, 548 U.S. 52 (2006). This civil action *exposes* such action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct is unlawful and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a *Declaratory Judgment* declaring that Defendant's actions and/or omissions violate applicable law.
B. This Honorable Court instructs defendant to take immediate appropriate disciplinary actions with respect to the responsible management officials (RMO).
C. That this Honorable Court issue Order for the appointment of an External Monitor to supervise, investigate and ascertain the facts alleged in this case and to render a report to corresponding federal government entities, including the U.S. Congress.
D. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff, including any unlawful attempt to further interfere with plaintiff's statutory rights.
E. That this Honorable Court award **compensatory** and **general damages** in the amount of **$500,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by the law of the United States.
F. That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.
G. Any other relief this Court deems equitable, just and appropriate.

## VI.   JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

In San Juan, Puerto Rico. September 9, 2023.

Respectfully submitted,

| | |
|---|---|
| /S/ Winston Vidal Gambaro | /S/ Humberto Cobo-Estrella |
| Winston Vidal-Gambaro, Esq. | Humberto Cobo-Estrella, Esq. |
| **USDC-PR130401** | **USDC-PR230108** |
| PO Box 193673 | PO Box 366451 |
| San Juan, Puerto Rico 00919-3673 | San Juan, Puerto Rico 00936-6451 |
| Tel. (787) 751-2864 | Tel. (787) 529-7140 |
| Email: wvidal@prtc.net | Email: hcobo@hcounsel.com |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*