**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

VIVIAN NIEVES

Plaintiff,

v.

DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS, DEPARTMENT OF
VETERAN AFFAIRS, AND THE UNITED
STATES DEPARTMENT OF JUSTICE

Defendants.

Civil No.  23-1460 (GLS)

**OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion to Alter or Amend Judgment at Docket No. 82 and the United States Department of Veterans Affairs' ("VA") Motion to Alter or Amend Judgment at Docket No. 83. Plaintiff opposed the VA's motion at Docket No. 84, and the VA opposed Plaintiff's motion at Docket No. 83. Both motions are **DENIED**.

**I.      Legal Standard**

A party may seek reconsideration of a prior judgment under Rule 59(e) of the Federal Rules of Civil Procedure. To warrant reconsideration under Rule 59(e), a party "must either establish a clear error of law or point to newly discovered evidence of sufficient consequence to make a difference." Ing v. Tufts Univ., 81 F.4th 77, 82 (1st Cir. 2023) (citations omitted); Tonge Landrón v. Drs. Ctr. Hosp. San Juan, Inc., 2021 WL 11962971, at *2 (D.P.R. Feb. 1, 2021) (string citations omitted). A party may also rely on "an intervening change" in the controlling law. Canóvanas Urb. Dev., Inc. v. Municipality of Canóvanas, 2023 WL 4247361, at *1 (D.P.R. June 29, 2023) (citations omitted). However, the movant may not rely on arguments that have been previously rejected by the Court or on arguments that could have been, but were not, made in first instance. Ing, 81 F.4th at 86 (citing Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) and Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)).

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

## II.    Discussion

### 1.    Hostile Work Environment

Plaintiff seeks reconsideration by arguing that a hostile work environment claim is viable even when there are no allegations of continued harassment after the employer has learned of the hostile work environment. Plaintiff posits that the Court erred when it concluded that "no liability exists absent continued harassment" as "respectfully, [that is] not the law." Docket No. 82 at p. 4. But: (1) this is clearly an argument that could have been, and was not, made by Plaintiff prior to submitting the dispositive motions for adjudication, and (2) more importantly, the Court did rely on "the law" as it relates to coworker harassment in its Opinion and Order at Docket No. 79 at pp. 14-16. Despite Plaintiff's protestations to the contrary, Plaintiff did not address the First Circuit decisions in Caruso v. Delta Air Lines, Inc., 113 F.4th 56, 70 (1st Cir. 2024) and Vizcarrondo-González v. Vilsack, 2024 WL 3221162, at *6 (1st Cir. June 28, 2024), or any other statutory authority, in support of her arguments given the undisputed facts of the case. See Defendants' Statement of Uncontested Material Facts at Docket No. 52 ("DSUF") ¶¶ 6, 26-27 (negligence standard applies and no further harassment reported after employer investigation).

### 2.    Disparate Treatment

The VA makes two arguments to argue that summary disposition of the disparate treatment claim is warranted: (1) Plaintiff cannot establish her *prima facie* case because the Court did not find that the VA had discriminatory animus (Docket No. 83 at pp. 4-6), and (2) a finding of triable issues of fact on pretext was erroneous because the VA's decision to return the coworker to the workplace was due to insufficient evidence of sexual harassment (Docket No. 83 at pp. 6-8). All arguments made by the VA in its motion, especially those that relate to Plaintiff's burden in the *prima facie* case, were already made by the VA, considered, and rejected by the Court in its Opinion and Order. As discussed therein, the causal connection between Plaintiff's membership in a protected class and the adverse employment action was established by the inferences drawn in favor of the Plaintiff, as required by the summary judgment standard. Plaintiff is not required to establish discriminatory animus as part of her *prima facie* case.

The arguments made by the VA with respect to the lack of pretext in the decision to reject its initial fact-finding determination and reinstate the coworker to the workplace (i.e., the VA had no reason to conduct a second investigation, the coworker was never informed by Plaintiff or other witnesses that his conduct was unwelcomed, an amendment to the report was made at the request

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

of a female manager, and the written amendment made months after the initial report was merely a "delayed memorialization" of the earlier conclusions of the VA) exemplify the existence of triable issues of fact as none of these were undisputed facts in the summary judgment record. The undisputed facts established that the VA's initial fact-finding report found "[the coworker] has incurred in sexual harassment conduct, against Ms. Nieves which are supported by witnesses. In addition, the two additional female employees confirmed that Nieves-Pérez sexual harassment conduct has been a pattern." DSUF ¶ 22; Plaintiff's Statement of Uncontested Material Facts at Docket No. 50-1 ¶ 2; Docket No. 50-2. Also, that "management [at the VA] acknowledged that the employee's behavior made Plaintiff and other witnesses feel uncomfortable, and for this reason, immediate action was taken to address the situation." DSUF ¶ 39. Without conducting an additional investigation, the VA concluded that "the conclusions and recommendations could not be substantiated by the findings and information contained in the witness statements[,]" because "[n]one of the witness statement[s] clearly established that Nieves-Pérez was clearly made aware that his behaviors was unwelcome […]". DSUF ¶ 37. And approximately six (6) months later, after Plaintiff was no longer in her post, the VA formally amended the initial fact-finding report. Id.

The VA's disagreement with the inferences drawn from the undisputed facts in the record is insufficient to warrant reconsideration. Canóvanas Urb. Dev., Inc., 2023 WL 4247361, at *2 ("That plaintiff has a difference of opinion with the Court in this matter is not grounds for relief under Rule 59(e).") (citation omitted). In a nutshell, that the VA may have concluded that sexual harassment was not established because it reviewed the evidence and deemed that the witnesses did not "clearly establish" that the coworker was made aware of the unwanted conduct does not establish that no sexual harassment occurred. At most, those facts show that, after reviewing the evidence, the VA ultimately concluded that no harassment occurred. But whether the evidence justified the VA's conclusion and its decision to amend the initial report is a matter for the jury.

### III.    Conclusion

Both motions under Rule 59(e) of the Federal Rules of Civil Procedure at Docket Nos. 82-83 are **DENED**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 18th day of May 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

3