IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VIVIAN NIEVES

Plaintiff,

v.

DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS, DEPARTMENT OF
VETERAN AFFAIRS, AND THE UNITED
STATES DEPARTMENT OF JUSTICE

Defendants.

Civil No.  23-1460 (GLS)

**OPINION AND ORDER**

Before the Court are the United States Department of Veterans Affairs' ("VA") motion to dismiss and supplemental motion in support of dismissal, through which the VA seeks dismissal of Plaintiff's disparate treatment claim. Docket Nos. 109 and 112. Both motions were filed more than a year after the dispositive motion deadline and less than three weeks before the July 6, 2026, trial date. Plaintiff opposed both motions at Docket No. 113. For the reasons discussed below, the VA's motions to dismiss and supplemental motion are **DENIED**.

**I.    Background**

This action arises from Plaintiff's employment as a part-time Medical Technician of the VA in the Arecibo Outpatient Clinic. Plaintiff filed suit in September 2023, asserting three claims under Title VII of the Civil Rights Act of 1964: (1) gender discrimination in the modality of disparate treatment; (2) gender discrimination in the modality of hostile work environment; (3) and retaliation. Docket No. 1. On April 5, 2024, the VA moved to dismiss all three claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 11. The motion was denied as to all three claims. Docket No. 45. Following the close of discovery, the VA moved for summary judgment. Docket No. 55. On March 31, 2026, the Court granted summary judgment in favor of the VA on Plaintiff's hostile work environment and retaliation

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

claims but denied summary judgment as to Plaintiff's disparate treatment claim. Docket No. 79. Specifically, the Court found that the record contained sufficient evidence from which a reasonable jury could infer that the VA's proffered rationale for its employment decisions was pretextual, given material inconsistencies in the VA's handling of the sexual harassment investigation and the amendment of its Fact-Finding Recommendation Report after Plaintiff had stopped working at the VA and filed an EEOC complaint. The VA sought reconsideration under Rule 59(e). Docket No. 82. The motion was denied, and the trial schedule was maintained as set for July 6 through July 10, 2026. Docket Nos. 87, 88. A Pretrial and Settlement Conference was held on June 17, 2026. On June 16, 2026, the day before the conference, the VA filed the instant motion to dismiss, followed three days later by the supplemental motion to dismiss. Docket Nos. 109, 112. Both invoke Title VII's administrative exhaustion requirements and seek dismissal of the sole surviving claim.

## II.    Discussion

### 1.    The VA cannot seek relief under Rule 12(b)(1).

The VA's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. The VA argues that Plaintiff's failure to exhaust administrative remedies with respect to her disparate treatment claim divests this Court of subject-matter jurisdiction. That argument is foreclosed by controlling U.S. Supreme Court precedent. In Fort Bend County v. Davis, 587 U.S. 541 (2019), the Supreme Court held that Title VII's charge-filing requirement is a mandatory claim-processing rule, not a jurisdictional prerequisite. Because the exhaustion requirement is non-jurisdictional, it does not implicate the Court's subject-matter jurisdiction and may be forfeited if not timely raised. Id. at 549-52. The First Circuit and courts in this District have applied the same framework. See Innocent v. Harborone Bank, 2019 WL 13219629, at *1 (1st Cir. June 25, 2019) (citing Fort Bend in recognizing that Title VII's administrative exhaustion requirement is non-jurisdictional); Reynoso v. DeJoy, 658 F. Supp. 3d 10, 17-18 (D.P.R. 2023) (same); Ramos v. Dejoy, 2021 WL 3293615, at *2 (D.P.R. July 31, 2021) (Title VII's exhaustion requirement is non-jurisdictional and dismissal, if appropriate, must proceed under Rule 12(b)(6), not Rule 12(b)(1)).

The VA acknowledges this settled principle. In its supplemental motion, the VA concedes "that the Fed. R. Civ. P. 12(b)(1) argument raised at ECF No. 109, that is, its non-exhaustion defense to the disparate treatment claim, is rather fundamentally an argument that the Plaintiff has

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

failed to state a claim upon which relief can be granted." Docket No. 112 at p. 2. Thus, the VA's argument is a challenge to the legal sufficiency of Plaintiff's claim. This concession is dispositive of the VA's 12(b)(1) motion. Because Title VII's administrative exhaustion requirement is a mandatory claim-processing rule rather than a jurisdictional limitation, Rule 12(b)(1) is not the proper procedural vehicle to challenge Plaintiff's disparate treatment claim. The VA's motion to dismiss for lack of subject-matter jurisdiction could be denied on this basis alone.

2.      **Rules 12(c) and 12(h)(2) provide no basis for relief at this stage of the proceedings.**

Recognizing that Rule 12(b)(1) cannot support dismissal, the VA's supplemental motion attempts to recharacterize its exhaustion defense as one under Rules 12(c) and 12(h)(2).[1] Neither rule justifies the requested relief at this stage of the proceedings. Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). The plain text of the rule forecloses the use of Rule 12(c) on the eve of trial. Trial is scheduled to start on July 6, 2026. The VA filed its motion to dismiss on June 16, 2026— only twenty (20) days before trial—and its supplemental motion three days later. By that point, the parties had completed discovery, filed their Joint Pretrial Memorandum, exchanged exhibit and witness lists, submitted motions *in limine*, and were fully engaged in trial preparation. Moreover, both motions were filed more than fifteen (15) months after the Court's dispositive motion deadline of March 16, 2025. Under these circumstances, the VA cannot plausibly contend that its Rule 12(c) motion was filed "early enough not to delay trial." Entertaining yet another dispositive motion at this stage necessarily disrupts the Court's scheduling order and prejudices Plaintiff's trial preparation.

Critically, the exhaustion argument the VA now advances has been available since the inception of this litigation. The administrative record upon which the VA relies has remained unchanged throughout these proceedings and was in Defendants' possession before it filed its original Rule 12(b)(6) motion, its motion for summary judgment, and its Rule 59(e) motion. Yet, despite advancing arguments of failure to exhaust the hostile work environment and the retaliation

---

[1]      Note that failure to exhaust administrative remedies is an affirmative defense. 5 Wright, Miller & Spenser, Federal Practice and Procedure at § 1271 (2021) (citing López v. Ortiz, 2015 WL 1470566, *5 (D.P.R. Mar. 31, 2015) (exhaustion requirement is an affirmative defense)). The VA did not raise this affirmative defense in its answer to the complaint at Docket No. 9.

3

claims at the pleadings stage (see Docket No. 11), the VA elected not to pursue this theory with respect to the disparate treatment claim until less than three weeks before trial. Nothing had changed except that trial became imminent. Allowing the VA to assert a new dispositive theory at this late stage would substantially prejudice Plaintiff, who has reasonably relied upon the Court's scheduling orders and prior rulings in preparing for trial. Plaintiff has also devoted considerable time and expense to complete discovery, prepare witnesses and exhibits, litigate pretrial matters, and prepare her case for presentation to the jury. Permitting the VA to circumvent the expired dispositive-motion deadline by repackaging its motion under Rule 12(c) would undermine the orderly administration of justice and reward the VA's flouting of the Court's case management orders. District Courts have broad authority to manage their dockets and enforce scheduling orders, including the authority to deny untimely motions unjustifiably filed on the eve of trial.

Alternatively, the VA seeks dismissal under Rule 12(h)(2). However, Rule 12(h)(2) does not salvage the VA's untimely filing. Rule 12(h)(2) is not an independent procedural mechanism for obtaining dismissal but rather a preservation provision that allows the defense of failure to state a claim to be asserted through either of the three procedural vehicles expressly identified in the rule, including a motion for judgment on the pleadings under Rule 12(c). 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1392 (3d ed.). Accordingly, because the VA invokes Rule 12(h)(2) through a Rule 12(c) motion, its request remains subject to Rule 12(c)'s requirement that the motion be filed "early enough not to delay trial." FED. R. CIV. P. 12(c). Where, as here, a Rule 12(c) motion is procedurally improper because it was filed well after the dispositive-motion deadline and on the eve of trial, Rule 12(h)(2) does not independently authorize the Court to entertain the motion. The VA cannot circumvent Rule 12(c)'s procedural limitations by invoking Rule 12(h)(2) as a standalone basis for relief.

3. **Both motions constitute an improper attempt to relitigate the Court's prior rulings.**

Beyond their procedural deficiencies, the VA's motions are, in substance, an impermissible attempt to relitigate issues that this Court has already ruled upon. Although styled as a motion to dismiss under Rules 12(b)(1), 12(c), and 12(h)(2), the motions simply repackage arguments to challenge the merits of Plaintiff's disparate treatment claim. These arguments were already considered and rejected by the Court at summary judgment stage and again upon Defendants' motion for reconsideration. After full briefing and review of the complete administrative and

evidentiary record— the same record on which the VA now relies— the Court concluded that a reasonable factfinder could infer pretext from the VA's decision to return Mr. Nieves-Pérez to Plaintiff's work area while repeatedly offering Plaintiff to relocate, together with amending the Fact Finding Recommendation Report approximately one month after Plaintiff filed her EEOC complaint. The Court determined that this evidence, viewed in the light most favorable to Plaintiff, was sufficient to permit a reasonable jury to infer that the VA's articulated reasons for the challenged employment decisions are pretextual. This determination is a quintessential question for the jury.

The VA's supplemental motion does not identify newly discovered evidence or an intervening change in controlling law. Instead, the VA argues that Mr. Nieves-Pérez was not a legally sufficient comparator because he was not a "similarly situated" employee. That contention does not implicate subject-matter jurisdiction, administrative exhaustion, or the legal sufficiency of Plaintiff's pleadings. Rather, it challenges the evidentiary weight and significance of Plaintiff's proof— a matter the Court has already determined presents a genuine issue of material fact for resolution by the jury. At bottom, the VA seeks a fourth opportunity to obtain dispositive relief. Because the VA's motions merely repackage issues already resolved by the Court, the Court declines to revisit them.

4.      **The VA had notice of all the facts that Plaintiff alleges gave rise to her claim for disparate treatment.**

The VA argues that Plaintiff failed to exhaust her disparate treatment claim because her administrative EEOC complaint did not identify a "similarly situated" male comparator. That argument lacks merit because it conflates Title VII's administrative exhaustion requirement with the evidentiary showing required to prove discrimination. Title VII requires federal employees to exhaust their administrative remedies before filing suit. Colón v. Mills, 646 F.Supp.2d 224, 233 (D.P.R. 2009). "The purpose of that requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). Accordingly, a subsequent civil action is not limited to the precise legal theories asserted in the administrative charge but extends to claims that are "reasonably related to" the allegations contained therein or that could "reasonably be expected to grow out of that charge." Id. at 464; Soto v. McHugh, 158 F.Supp.3d 34, 47 (D.P.R. 2016). Plaintiff satisfied that standard. Her administrative complaint alleged that, after she reported sexual harassment by a male

coworker and the VA had determined that sexual harassment had occurred, the VA returned the coworker to her work area while repeatedly asking only Plaintiff to transfer to another facility, ultimately forcing her to take leave because of the VA's handling of the matter. See Docket No. 109 at p. 8. Those allegations sufficiently placed the VA on notice that Plaintiff was challenging the disparate treatment she received following her complaint of sexual harassment.

The VA nevertheless argues that Plaintiff failed to exhaust her claim because she did not identify a "similarly situated" male comparator in her administrative complaint. But comparator evidence is not a prerequisite to administrative exhaustion. Exhaustion concerns whether the agency had notice of the alleged discriminatory conduct, not whether the complainant pleaded every evidentiary basis upon which she might later prove discrimination. Comparative evidence is not an element of the *prima facie* case in a disparate treatment claim. Conward v. Cambridge School Committee, 171 F.3d 12, 19-20 (1st Cir. 1999). Rather, comparative evidence may be considered at the third-step of the burden-shifting framework. Id. at 19 ("the time to consider comparative evidence in a disparate treatment case is at the third step of the burden-shifting ritual, when the need arises to test the pretextuality *vel non* of the employer's articulate reason for having acted adversely to the plaintiff's interests.") (string citations omitted); Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003) (same discussing Conward). At step-three of the McDonnell Douglas framework, the plaintiff is required to make two showings by preponderance of the evidence: (1) that the reasons given by the defendant or employer are pretextual, and (2) that the true motive behind the adverse employment action was discriminatory. O'Horo v. Boston Medical Center Corporation, 131 F.4th 1, 15 (1st Cir. 2025). While comparative evidence is one way of establishing pretext, it is not the exclusive means of establishing discriminatory intent or pretext. Kosereis, 331 F.3d at 214 (explaining that to produce evidence that the plaintiff was treated differently than other similarly situated employees is only "one method" to show an employer's stated reasons are pretextual); see e.g., Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 56 (1st Cir. 2000); Ray v. Ropes & Gray LLP, 799 F3d 99, 113-117 (1st Cir. 2015). A plaintiff may also rely on factual contradictions, evidence of a company's general atmosphere of discrimination, discriminatory comments by decision-makers, and inconsistencies, implausibilities, or deviations from established procedures to demonstrate that an employer's stated reasons are pretextual. See Santiago-Ramos, 217 F.3d at 55-57; O'Horo, 131 F.4th at 15.

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

### III.    Conclusion

For the reasons discussed above, the VA's motion to dismiss and supplemental motion are

**DENIED.**

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of June, 2026.


                                    s/Giselle López-Soler
                                    GISELLE LÓPEZ-SOLER
                                    United States Magistrate Judge