IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VIVIAN NIEVES

Plaintiff,

v.

DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS, DEPARTMENT OF
VETERAN AFFAIRS, AND THE UNITED
STATES DEPARTMENT OF JUSTICE

Defendants.

Civil No.  23-1460 (GLS)

**MEMORANDUM AND ORDER**

Plaintiff filed suit asserting claims for gender discrimination under the modalities of hostile work environment and disparate treatment, and relation under Title VII of the Civil Rights Act. Docket No. 1. At the conclusion of discovery, Defendants moved for summary judgment and partial judgment was entered dismissing Plaintiff's claims of hostile work environment and retaliation. Docket Nos. 79, 80. The case will proceed to trial on the disparate treatment claim. Pending before the Court are Plaintiff's motion *in limine* at Docket No. 92 and Defendants' motions *in limine* at Docket Nos. 96, 97, 98 and 104.  Defendants opposed Plaintiff's motion at Docket No. 100, and Plaintiff opposed Defendants' motions at Docket Nos. 108, 106, 107 and 105. All motions are **DENIED**.

## I.    Discussion

### 1.    Plaintiff's Motion at Docket No. 92

Plaintiff seeks an order limiting Defendants to the legal theories, defenses, and factual contentions disclosed during discovery and previously litigated in this action. Plaintiff contends that Defendants' proposed pretrial memorandum advances new arguments and theories not disclosed in discovery, pleaded in Defendants' answer to the complaint, or raised in the summary judgment record. Specifically, Plaintiff requests that the Court: (1) preclude Defendants from

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

advancing the "female decision-maker" theory; (2) prohibit Defendants from relitigating challenges to the legal sufficiency of Plaintiff's surviving disparate-treatment claim; and (3) limit any voluntary-resignation defense to the factual grounds previously disclosed during discovery.

### A.    The "Female Decision-Maker" Theory

Plaintiff characterizes Defendants' reliance on the fact that Guimary Bayrón-Rojas, a female management official, directed the amendment to the Fact-Finding Recommendation Report as a new affirmative defense and complain that Defendants did not provide Plaintiff notice that Bayrón-Rojas participated in the decision to amend the report of the VA. While it may be argued that the female decision-maker theory should have been advanced by Defendants in the answer to the complaint under Fed. R. Civ. P. 8(c),[1] Defendants do not contend that the involvement of a female-decision maker legally bars liability under Title VII. Nor could they. See Sánchez v. Cherokee Brick and Tile Co., 2023 WL 3919540 n. 4 (M.D. Ga. June 9, 2023) ("nothing in Title VII necessarily bars a claim of discrimination because of sex merely because the plaintiff and the defendant ... are of the same sex.") (quotations in the original and citation omitted). Rather, Defendants seek to argue that the gender of the individual responsible for the challenged decision is one circumstance the jury may consider when assessing whether discriminatory animus motivated the decision. See Docket No. 89 at p. 7. Courts across other districts have recognized that the identity and characteristics of decision-makers may be relevant circumstantial evidence regarding discriminatory intent, even though such evidence is not dispositive. See Marlow v. Office of Court Admin. of New York, 820 F. Supp. 753, 757 (S.D.N.Y. 1993), aff'd, 22 F.3d 1091 (2d Cir. 1994) (noting that where the decision-maker is a member of the same protected class as plaintiff, an inference can be drawn against discrimination); Drummond v. IPC Int'l, Inc., 400 F. Supp. 2d 521, 535 (E.D.N.Y. 2005) ("a well-recognized inference against discrimination exists where the person who participated in the allegedly adverse decision is also a member of the same protected class.") (citations omitted).

A review of the docket reveals that, although in reference to Plaintiff's immediate supervisors and not Bayrón-Rojas, Defendants provided notice at the pleadings stage that they

---

[1]    Rule 8(c) of the Federal Rules of Civil Procedure requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense". FED. R. CIV. P. 8(a). The rule goes on to list those "affirmative defenses" that must be asserted at the pleadings stage. The so-called "female decision-maker" defense is not listed, but that list is not exhaustive. 5 Wright, Miller & Spenser, Federal Practice and Procedure at § 1270 (2021).

would rely on a "female decision-maker" defense. See Docket No. 11 at pp. 27-28. Defendants also announced Guimary Bayrón-Rojas as a person with knowledge of the dispute at their initial disclosures. Docket Nos. 103-104. And during his deposition, Dr. Edgardo Pérez-Lugo testified that he followed the recommendations of the HR Labor Relations Unit, specifically of Bayrón-Rojas, when amending the findings report. Docket No. 56-4 at pp. 28-32. Therefore, even though it was not until their motion to alter judgment at Docket No. 83 p. 7 that Defendants expressly argued for the first time that the Court should give weight to the fact that the amendment to the finding report was made at the direction of Bayrón-Rojas, Plaintiff did have notice of Bayrón-Rojas' involvement in the decision to amend the finding report during discovery. Plaintiff was thus not prejudiced by any untimely identification of Bayrón-Rojas as the so-called "female decision-maker". 5 Wright, Miller & Spenser, Federal Practice and Procedure at § 1278 (2021) (if no prejudice, amendments to pleadings should be freely permitted under Rule 15(b) of the Federal Rules of Civil Procedure). The Court agrees with Plaintiff that the involvement of a female decision-maker does not categorically defeat a Title VII sex-discrimination claim. However, Defendants are entitled to present that fact to the jury and argue the inferences they believe should be drawn from it. Accordingly, Plaintiff's request to categorically preclude the "female decision-maker" argument is **DENIED**. However, the Court will prohibit Defendants from arguing or suggesting that Title VII liability is legally impossible merely because the challenged decision may have been made by a woman.

### B.      The Legal Sufficiency Attack on the *Prima Facie* Case

Plaintiff next argues that Defendants should be barred from asserting that the record lacks evidence of gender-based animus because the Court denied summary judgment. The Court rejects Plaintiff's position. A denial of summary judgment does not establish any facts for purposes of trial, nor does it prevent a defendant from contesting elements of a plaintiff's claim before the jury. Rigby v. Damant, 486 F.3d 692, 692 (1st Cir. 2007) (quoting Switzerland Cheese Assoc., Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 25 (1966)) ("the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim."). The Court's summary judgment ruling merely determined that sufficient evidence existed to create a genuine dispute of material fact requiring resolution by a factfinder. See Rivera–Torres v. Ortiz Vélez, 341 F.3d 86, 92 (1st Cir.2004) ("a denial of a motion for summary judgment is merely a judge's determination that genuine issues of material fact exist. It

is not a judgment, and does not foreclose trial on issues on which summary judgment was sought."). The Court did not conclusively determine that Plaintiff established discriminatory intent, causation, pretext, or any other element of her claim. Defendants may challenge the sufficiency and weight of Plaintiff's evidence and may argue that Plaintiff has failed to prove discriminatory intent. Accordingly, Plaintiff's request to prevent Defendants from arguing that the evidence does not establish gender-based animus or discriminatory motive is **DENIED**.

### C.    The Voluntary Resignation/No Adverse Action Theory

Plaintiff requests the Court limit Defendants to factual predicates for the voluntary resignation defense disclosed during discovery. Plaintiff concedes that Defendants raised the voluntary resignation issue during summary judgment proceedings. Therefore, the theory itself is not new and cannot fairly be characterized as an undisclosed defense. The Court therefore declines to preclude Defendants from arguing that Plaintiff voluntarily removed herself from the workplace, that the VA approved her leave requests, that transfer opportunities were offered, or that no adverse employment action occurred. To be dure, Defendants may not rely upon previously undisclosed evidence, witnesses, factual contentions, or documents to support that theory. See FED. R. CIV. P. 37(c)(1). But because Plaintiff has not identified any specific undisclosed witness, documents, or factual contentions, the Court declines to enter a blanket exclusion order in advance of trial. Plaintiff may raise contemporaneous objections at trial, if warranted. Accordingly, this portion of the motion is **DENIED WITHOUT PREJUDICE** subject to Plaintiff asserting specific Rule 37 objections at trial.

### 2.  Defendants' Motions at Docket Nos. 96, 97, 98 and 104

Plaintiff argues that Defendants' four (4) motions *in limine* are untimely and should be disregarded by the Court. After ruling on the motions for summary judgment, the Court set a deadline of June 1, 2026, for the parties to submit motions *in limine*. Docket No. 81. Plaintiff submitted her motions in a timely manner. Defendants filed their motions late without seeking leave from the Court or in any way justifying the late filing. After the fact, Defendants filed a motion informing that their untimely filings were necessary because Defendants "needed time to review the information in the Pretrial Memorandum before deciding which motions in limine to file" and that the failure to seek an extension of the deadline was the result of oversight. Docket No. 110. While the Court acknowledges Defendants' justifications for missing the Court's deadlines, these do not raise to the level of good cause. The Court could thus deny the motions in

*limine* without more. However, because denial of those motions on the merits is warranted anyway, I explain.

### A.    Defendants' Motion at Docket No. 96

Defendants' omnibus motion *in limine* seeks broad prophylactic pretrial rulings to exclude eight categories of evidence and argument. Several of Defendants' requests merely restate existing evidentiary rules governing relevance, hearsay, lay opinion testimony, settlement discussions, and disclosure obligations. But the Court may address objections under the Federal Rules of Evidence as they arise during trial. And requests concerning allegedly unexhausted conduct, pretext evidence, witness testimony, or purportedly undisclosed materials are better evaluated in the context of the specific evidence offered. Motions *in limine* are not intended for broad advisory rulings untethered to specific testimony or exhibits. United States v. Grullon, 996 F.3d 21, 28 n.8 (1st Cir. 2021) ("Motions in limine are a tool for trial lawyers to petition the court to exclude or include particular pieces of evidence."); United States v. Nivica, 887 F.2d 1110, 1117 (1st Cir. 1989) (quoting Freeman v. Package Mach. Co., 865 F.2d 1331, 1337 (1st Cir. 1988) ("where *in limine* motions to exclude testimony are 'couched in sweeping generalities,' it is 'impossible to gauge their validity until an actual attempt ha[s] been made' during the trial to lay a foundation for introduction of the evidence") (emphasis in the original). Accordingly, Defendants' motion at Docket No. 96 is **DENIED WITHOUT PREJUDICE**. The parties may raise appropriate objections at trial, and the Court will rule on admissibility in the context in which the evidence is presented.

### B.    Defendants' Motion at Docket No. 97

Defendants seek a pretrial order excluding any evidence relating to Plaintiff's hostile work environment and retaliation claims, both of which were dismissed at summary judgment. But the requested relief is overly broad as it seeks an expansive pretrial ruling on categories of potential evidence and argument. The dismissal of Plaintiff's hostile work environment and retaliation claims narrowed the claims that will be submitted to the jury; it did not categorically render inadmissible all facts underlying those claims. The surviving disparate treatment claim arises from the VA's handling of Plaintiff's sexual-harassment complaint, the ensuing investigation, the amendment of the Fact-Finding Recommendation Report, and the actions taken thereafter. The jury cannot fairly evaluate the surviving claim without being provided sufficient factual background and context regarding those events. Evidence relating to the underlying harassment

complaint, the investigation, management's response, and related circumstances may therefore be relevant for purposes other than proving dismissed causes of action, including providing context and evaluating Defendants' stated reasons for its actions. Whether any evidence exceeds those permissible purposes is a determination best made in the context of trial. Accordingly, Defendants' motion at Docket No. 97 is **DENIED WITHOUT PREJUDICE**. The parties may raise specific evidentiary objections at trial, and the Court will rule on admissibility in the context in which the evidence is offered.

### C.    Defendants' Motion at Docket No. 98

Defendants seek to preclude Plaintiff from introducing statistical evidence, expert testimony concerning statistical significance, and testimony reflecting Plaintiff's or other witnesses' beliefs regarding discrimination. During the pretrial conference on June 17, 2026, Plaintiff represented that she does not intend to offer statistical analyses, expert testimony regarding statistical significance, or any undisclosed expert opinions at trial. This issue is thus **MOOT**. The remainder of the motion seeks a broad pretrial ruling to exclude testimony concerning Plaintiff's beliefs or perceptions regarding discrimination. To the extent Defendants seek to exclude conclusory opinions unmoored from personal knowledge or otherwise prohibited by the Federal Rules of Evidence, objections may be raised at trial in the context of the specific testimony offered. However, Plaintiff is entitled to testify regarding her own observations, perceptions, experiences, and understanding of events based on personal knowledge. See FED. R. EVID. 701; United States v. Yoon, 167 F.4th 556, 563 (1st Cir. 2026) (citations omitted) ("Testimony is admissible under Rule 701 when it is based on the witness's 'own perception or experience.'"). The fact that such testimony may reflect Plaintiff's subjective beliefs or impressions does not render it categorically inadmissible. Questions regarding the weight, credibility, or ultimate significance of such testimony are matters for the jury. Accordingly, Defendants' motion at Docket No. 98 is **MOOT in part and DENIED WITHOUT PREJUDICE in part**.

### D.    Defendants' Motion at Docket No. 104

Defendants seek to preclude Plaintiff from calling witnesses or introducing exhibits that were not identified in Plaintiff's initial Rule 26 disclosures, arguing that Plaintiff failed to supplement those disclosures during discovery and that exclusion is therefore required under Rule 37 of the Federal Rules of Civil Procedure. And that, as such, Plaintiff may only present her own testimony and her voluntary statements identified in her initial disclosures. Defendants seek for

Nieves v. McDonough et al
Civil No. 23-1460 (GLS)

the Court to disallow the presentation of the two (2) other witnesses identified by Plaintiff in the proposed pretrial memorandum— Daniel Conde-Sterling and Edgardo Pérez-Lugo— and fifteen (15) documents listed by Plaintiff in the pretrial memorandum at Docket No. 89. Plaintiff countered that the additional two (2) witnesses were part of Defendants' own disclosures, were identified in response to interrogatories under oath, and were deposed during discovery. And that the documents listed by Plaintiff in the pretrial memorandum were documents originally in the possession of Defendants or disclosed during discovery. Therefore, Defendants had notice of the witnesses and exhibits and cannot demonstrate prejudice. The Court agrees. Failure to comply with Rule 26's disclosure requirements does not warrant sanctions under Rule 37 if the party's failure to disclose was "substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); Dorado Gardens LLC v. Efron, 749 F. Supp. 3d 263, 264 (D.P.R. 2024). Accordingly, Defendants' motion at Docket No. 104 is **DENIED**.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion at Docket No. 92 and Defendants' motions at Docket Nos. 96, 97, 98 and 104 are **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of June 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge